UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE A. LANDRY AND<br>LUANN S. LANDRY | CIVIL ACTION |
| VERSUS | NO. 06-9019<br>c/w 06-9106 |
| STATE FARM FIRE & CASUALTY<br>COMPANY | SECTION B(2) |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 30). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED**.

*BACKGROUND*

Plaintiffs filed a pro se lawsuit against Defendant State Farm Fire and Casualty Company ["State Farm"] for payment under an insurance policy issued by Defendant. During the course of the litigation, Defendant propounded upon Plaintiffs certain Interrogatories and Requests for Production of Documents. Plaintiffs failed to respond to these requests within thirty days of service. Defendant then notified Plaintiffs that their responses were overdue. After ten months passed and Plaintiffs still failed to respond, Defendant filed a Motion to Compel Discovery (Rec. Doc. No. 22). Plaintiffs did not file an

1

opposition to this Motion.  The Magistrate Judge granted the Motion and ordered Plaintiffs to provide discovery responses to Defendant within 10 days (Rec. Doc. No. 25).  Thirteen months passed after the issuance of the Magistrate Judge's Order and Plaintiffs still had not responded to Defendant's discovery requests.  Defendant then filed a Motion to Dismiss for Failure to Comply with the Order compelling discovery (Rec. Doc. No. 26).  Plaintiffs did not file a response to this Motion, and this Court granted the Motion as unopposed (Rec. Doc. No. 27).  Since the Motion to Dismiss was granted, Plaintiffs have retained counsel.  Plaintiffs have now filed this Motion to Reconsider the Dismissal (Rec. Doc. No. 30).

Plaintiffs argue that they overlooked the Defendant's discovery requests because they were busy handling personal matters.  Additionally, as pro se litigants, they did not fully understand the import of the Court's rules and orders.  Plaintiffs contend that they have now retained counsel and are prepared to respond to Defendant's requests.

Defendant contends that Plaintiffs' justifications for their failure to respond do not constitute excusable neglect and, therefore, do not warrant relief from judgment under Fed. R. Civ. Pro. 60.  Specifically, the fact that Plaintiffs responded to a similar motion to dismiss filed in another lawsuit against Defendant indicates that Plaintiffs understand the federal rules and the importance of deadlines set by the Court but simply failed to follow them in this case.

### *DISCUSSION*

Fed. R. Civ. Pro. 60(b) provides in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...or (6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b).  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).  In order to obtain relief under Rule 60(b), a party must show "that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside."  *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).  Like other litigants, a pro se litigant has the burden of establishing excusable neglect, a standard which is strict and requires more than mere ignorance.  *Id*.

In the present case, Plaintiffs have demonstrated a repeated failure to meet deadlines set by the Federal Rules of Civil Procedure and this Court.  First, Plaintiffs failed to timely respond to State Farm's request for compliance.  Plaintiffs then failed to respond to the motion to compel discovery and to the

3

subsequent order which compelled them to respond to Defendant's requests.  Finally, Plaintiffs failed to respond to Defendant's Motion to Dismiss for the repeated failure to comply.  Plaintiffs claim that their failure to comply was a result of the fact that they were occupied with Larry Landry's campaign for public office.  The Fifth Circuit has held that justifiable or excusable neglect exists in circumstances where through inadvertence, a party or his attorney does not receive notice of the filing of a dispositive motion and, therefore, does not respond.  *Blois v. Friday*, 612 F.2d 938, 940-41 (5th Cir. 1980); *See also Seven Elves Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981)(Plaintiffs granted relief under Rule 60(b) after they were not notified of trial and failed to make an appearance). In this case, however, Plaintiffs do not allege that they were not provided notice of the Defendants' requests and the Court's orders.  They allege instead that they simply overlooked these matters.

Plaintiffs claim that they "did not fully understand the import of the court's orders, court rules, the Federal Rules of Civil Procedure and the possible consequences of the dismissal of their cases."  As Defendant points out, however, Plaintiffs have a separate matter pending against Defendant in another section of this Court.  Defendant also filed a motion to dismiss for failure to comply with discovery requests in that case.  Just before the motion hearing date, Plaintiffs sent the Court a letter requesting a continuance of the hearing date so that they could obtain

counsel. Such actions on Plaintiffs' part indicate that they do have an understanding of Court rules and the importance of meeting motion deadlines. They have simply overlooked such deadlines in the present case.

Dismissal of a Plaintiff's complaint for failure to comply with court orders is a harsh sanction. Dismissal is usually proper only in cases where one of the following aggravating factors is present: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989). In the present case, there is no doubt that the delay was caused by the actions of the Plaintiffs themselves, who were pursuing the litigation pro se. Thus, dismissal of Plaintiffs' Complaint was an appropriate sanction. Additionally, the Court finds that the Plaintiffs' negligence in repeatedly failing to meet appropriate deadlines does not constitute excusable neglect for which they should be granted relief from the judgment of dismissal. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

New Orleans, Louisiana this 26th day of June, 2008.

UNITED STATES DISTRICT JUDGE